IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

PRUWINROCK LLC, a Delaware limited
liability company,

        Plaintiff,

v.                                                                      No. CIV 02-1520 BB/RLP

CITY OF ALBUQUERQUE, NEW MEXICO,

        Defendant.

MEMORANDUM OPINION
AND
ORDER ALLOWING INTERVENTION

THIS MATTER is before the Court on the motion of Hunt Uptown LLC and

Hunt Uptown II LLC (collectively "Hunt") to intervene [#12] as a Defendant in this

action.  Plaintiff opposes this motion.  The Court having reviewed the briefs of the

parties and being otherwise advised, finds the motion is well taken and it will be

Granted.

*Discussion*

I.    *Factual Allegations*

This action was filed December 4, 2002, seeking a declaration of the respective

rights and obligations of Plaintiff, PruWinrock LLC ("Prudential"), and Defendant, the

City of Albuquerque, New Mexico (the "City"), under the Interstate 40 / Louisiana

Boulevard Interchange and Road Improvements Agreement (the "Agreement").

According to the First Amended Complaint,

> [t]he road system as described in the Agreement includes, *inter alia*, an on-ramp to westbound Interstate 40, portions of a projected loop road (variously referred to as the Loop Road or an Americas Parkway) circumscribing the core of the Uptown area of the City, and several public or private roadways, including a public roadway known as Street A, all as depicted on Exhibit A-1 to the Agreement. The Agreement describes various features of the road system and details the responsibilities of the parties to the Agreement in implementing the system, including those of the Department in reconstructing the Louisiana Boulevard / Interstate 40 interchange and those of the City in designing, constructing, removing, and/or reconstructing, *inter alia*, Street A and portions of Americas Parkway adjacent to Winrock.

First Am. Compl. ¶ 9.

In May 2002, Prudential requested that the City modify the Street A alignment referred to in the Agreement and shown on the plat attached thereto. Since the City had taken no action on Plaintiff's proposal by December 2002, Prudential filed this suit seeking, *inter alia*, injunctive relief "to require the City to fulfill its contractual obligations to Prudential and to prohibit the City from wrongfully exercising its governmental powers to delay, interfere with or frustrate Prudential's ability to achieve legitimate goals flowing from the proper performance of the Agreement." First Am. Compl. ¶¶ 28, 34, 40, 46.

Two months after the suit was initiated, the Hunt interests filed this motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Hunt alleges that

it is the owner of two properties adjacent to Plaintiff and if the requested injunction were issued, Hunt's property interests would be materially affected.  Hunt contends Plaintiff is attempting to pressure the City to allow modifications to the 1995 Uptown Sector Plan by eliminating Street A which would be detrimental to Hunt's interest.

II.     *Intervention Under Federal Rule of Civil Procedure 24*

Federal Rule of Civil Procedure 24 provides for two types of intervention:

(a)     **Intervention of Right.**  Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b)     **Permissive Intervention.**  Upon timely application anyone may be permitted to intervene in an action:  (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

Hunt's motion is timely and has alleged sufficient facts to be entitled to intervene as of right.

A.     *The Motion is Timely*

The case has been pending less than four months and there is no real issue as to whether the motion is timely.

3

### B.    Hunt Has Legally Cognizable Interests

The Hunt interests own a 28-acre parcel slightly northwest of Plaintiff's Winrock mall and a 12-acre parcel adjacent to the east of the mall.  The 1995 Uptown Sector Plan calls for a Loop Road around the Uptown area.  Plaintiff does not deny the City has acquired rights to, and constructed a portion of, this loop including a segment through one of the Hunt parcels.  Plaintiff seeks to have the City reconsider and realign a portion of the Uptown Sector Plan including Street A.  "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." *Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir. 1977) (quoting *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970)).

### C.    Hunt Interests May Be Impaired

The question of impairment is often legally intertwined with the existence of a recognized property interest.  *Natural Resources Defense Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341 (10th Cir. 1978).  Rule 24 should therefore be interpreted to permit intervention to one whose legal options may be practically impaired if intervention is denied. *Kleissler v. United States Forest Serv.*, 157 F.3d 964 (3d Cir. 1998); *Coalition of Arizona/New Mexico Counties v. Department of Interior*, 100 F.3d 837 (10th Cir. 1996).  Where an applicant has an interest in property which may be impacted by a pending case, the *stare decisis* effect alone may be sufficient

4

impairment to support intervention.  *Coalition, supra; Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989).

Hunt has sufficiently alleged that if injunctive relief requested by Plaintiff is granted, its ability to sell or develop Hunt property will be impaired.

D.     *Hunt's Interests Are Not Represented by the City*

As a general proposition governmental legal representatives are able to protect official policy.  *Chicago Bd. of Realtors v. City of Chicago*, 673 F. Supp. 224 (N.D. Ill. 1986), *aff'd*, 819 F.2d 732 (7th Cir. 1987).  However, where the government has equally viable policy concern and lacks any direct financial interest in the litigation, representation of those with such financial interests is inadequate.  *Utahns for Better Transp. v. United States Dept. of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002); *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255-6 (10th Cir. 2001).

Hunt, however, maintains that

> Hunt does not stand in the same position as the City regarding enforcement of the Contract.  The City's interests are those of a governmental entity seeking to do what is best for the City as a whole and the City treasury, upon which Winrock is making an assault.  The City does not have the interests of, and does not represent private landowners subject to the City's authority.  The City's ultimate responsibility and goal is to protect its own interests, and the public at large, but not Hunt's interests as a property owner.  The City has different, and broader, interests that may lead it to settle, for reasons peculiar to the City, for a different alignment that adversely impacts Hunt.  It is also important to note that any

5

> **changes by the City, harming Hunt, may create further litigation between Hunt and the City.   To this extent, the City cannot adequately protect Hunt's rights/interests.**

Hunt's Br. Supp. at 8-9.

**If Plaintiff obtains the injunctive relief sought in this suit, Hunt would not have a forum to challenge Prudential's proposed modification of the Uptown Sector Plan. Hunt need only show that the disposition of Winrock's suit against the City may "as a practical matter, impair or impede [Hunt's] ability to protect [its] interests."** *Forest Conservation Council v. United States Forest Serv.*, **66 F.3d 1489, 1498 (9th Cir. 1995). Hunt alleges that given its broader policy interests, the City may be more willing to compromise the claim with negative impact on the Hunt properties.   That is sufficient to support intervention.** *Clark v. Putnam County*, **168 F.3d 458 (11th Cir. 1999).**

## O R D E R

**For the above stated reasons, Hunt's Motion to Intervene is GRANTED.**

**Dated at Albuquerque this 27th day of March, 2003.**

_____
**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**
> Edward Ricco, Leslie McCarthy Apodaca, RODEY DICKASON SLOAN AKIN & ROBB, Albuquerque, NM

**For Interveners:**
> Timothy R. Van Valen, Jason T. Gaskill, MODRALL SPERLING ROEHL HARRIS & SISK, Albuquerque, NM